**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30256 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-0076-BR-1 |
| v. | |
| DAVID JOHN OVIST, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 6, 2015
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and CURIEL,** District
Judge.

David Ovist appeals his convictions for bank fraud and wire fraud in violation

of 18 U.S.C. §§ 1343 and 1344, and the 57 month sentence imposed following his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Gonzalo P. Curiel, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

convictions. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

**1.** Before trial, Ovist sought to introduce into evidence civil complaints filed by the Federal Housing Finance Agency, the Securities and Exchange Commission, and the United States Attorney's Office for the Southern District of New York alleging fraud by several of the lenders at issue in this case. We generally review evidentiary rulings for abuse of discretion. *United States v. Lynch*, 437 F.3d 902, 913 (9th Cir. 2006) (en banc) (per curiam). However, we review evidentiary rulings that preclude presentation of a defense *de novo*. *United States v. Ross*, 206 F.3d 896, 898–99 (9th Cir. 2000). A statement is admissible against the prosecution as the statement of a party-opponent when it is published by "the relevant and competent section of the government." *United States v. Van Griffin*, 874 F.2d 634, 638 (9th Cir. 1989). However, not "every publication of every branch of government of the United States can be treated as a party admission by the United States." *Id.*

The district court properly excluded the civil complaints filed by the three federal agencies. First, these complaints were not admissions of a party-opponent under *Van Griffin* because they were mere allegations; none of these agencies can state definitively that the fraud occurred or that the underwriting guidelines were not followed. *See* 874 F.2d at 638. Second, even if the complaints met the *Van Griffin* standard, they were not probative on the issue of the materiality of Ovist's

2

misrepresentations because the complaints merely alleged that the lenders had loosened their lending standards, not that they had abandoned them completely. Third, contrary to Ovist's argument, the district court specifically stated that it would consider the admissibility of evidence pertaining to widespread fraud by the lenders on specific evidentiary proffers, but Ovist never made such proffers at trial.

**2.** The district court did not preclude Ovist from presenting a defense and therefore did not abuse its discretion by excluding documents and testimony during trial, including insurance binders. District courts may exclude relevant evidence whose "probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Cumulative evidence replicates other admitted evidence." *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979). The excluded evidence was cumulative because Ovist was allowed to introduce a significant amount of testimony or documents to support each point that the cumulative testimony and documents replicated. The district court acted within its discretion when it excluded other, cumulative evidence.

**3.** The district court did not abuse its discretion by giving a deliberate ignorance instruction. A district court's decision to give a deliberate ignorance, or willful blindness, instruction is reviewed for abuse of discretion. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1118 (9th Cir. 2013). When deciding whether to give a deliberate ignorance instruction, "the district court must view the evidence in the

3

light most favorable to the party requesting it." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc) (citations omitted). "In deciding whether to give a willful blindness instruction, in addition to an actual knowledge instruction, the district court must determine whether the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge. If so, the court may also give a [deliberate ignorance] instruction." *Id.*. Viewing the evidence in the light most favorable to the government, a reasonable jury could find Ovist knew there was a high probability that the loan applications contained false representations and that he deliberately acted to avoid learning the truth with regards to the falsities. Thus, a deliberate ignorance instruction was warranted.

**4.** We review sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). Procedurally sound sentences are reviewed for substantive reasonableness. *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (quoting *Gall*, 552 U.S. at 51). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Id.* at 1089 (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). A review of the sentencing transcript shows that the district court did not abuse its discretion and adequately explained the bases for the disparity between Ovist's sentence and those of his co-defendants, including Ovist's

4

co-defendants' cooperation, lower number of convictions, acceptance of responsibility, and smaller role in the fraud. The district court carefully considered the § 3553(a) factors and was not, as Ovist argues, punishing him for exercising his right to a jury trial, but rather imposing lower sentences on his co-defendants for their cooperation and lower number of convictions.

AFFIRMED.